1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATHANIEL WHALEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL ASSOCIATION OF REALTORS®; LAS VEGAS REALTORS®; NEVADA REALTORS; SIERRA NEVADA REALTORS; INCLINE VILLAGE REALTORS®; ELKO COUNTY REALTORS; MESQUITE REAL ESTATE ASSOCIATION; GREATER LAS VEGAS MLS; NORTHERN NEVADA REGIONAL MLS; JASON MITCHELL GROUP; OPENDOOR BROKERAGE LLC; eXp REALTY; BERKSHIRE HATHAWAY HOMESERVICES NEVADA PROPERTIES; SIMPLY VEGAS; URBAN NEST REALTY; LUXURY HOMES OF LAS VEGAS; HUNTINGTON AND ELLIS, KELLER WILLIAMS SOUTHERN NEVADA; KELLER WILLIAMS VIP; KELLER WILLIAMS REALTY LAS VEGAS; KELLER WILLIAMS | Case No.: 2:24-cv-00105-ART-MDC<br><br>**ORDER GRANTING (ECF No. 28)**<br><br>**JOINT STIPULATED MOTION[1] TO STAY PROCEEDINGS PENDING DETERMINATION OF MOTION TO TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

---

[1] This paper is styled as a stipulated joint motion pursuant to LR 7-2 rather than a stipulation for the sole reason that Defendants have yet to be served with process and it is unclear when those named Defendants who are not signatories to this Joint Motion intend to appear in this action. The undersigned are unaware of any objection to the relief requested in this Joint Motion from any non-signatory Defendant.

- i -

124091335.1

REALTY THE MARKETPLACE; ENGELS & VOLKERS LAKE TAHOE; DOUGLAS ELLIMAN OF NEVADA; REDFIN HOMESERVICES LLC; REDFIN CORPORATION; DOES I through X; and ROE CORPORATIONS I through X, inclusive;

        Defendants.

124091335.1

Defendants National Association of Realtors®, Nevada Realtors®, Sierra Nevada Realtors®, Incline Village Realtors®, and Northern Nevada Regional Multiple Listing Service, Inc. (collectively, "Signing Defendants"), and Plaintiffs, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), hereby consent and stipulate to stay all proceedings and deadlines in this action, including as to those named Defendants who are not Signing Defendants, until after the U.S. Judicial Panel on Multidistrict Litigation rules on the pending motion to transfer under 28 U.S.C. § 1407. *See generally In re Real Estate Commission Antitrust Litigation*, MDL No. 3100 (J.P.M.L. Dec. 27, 2023). In addition, Defendants Las Vegas Realtors®, Greater Las Vegas MLS, Douglas Elliman of Nevada, and Berkshire Hathaway HomeServices Nevada Properties (together with Signing Defendants, the "Stipulating Defendants," and the Stipulating Defendants with the Plaintiffs, the "Stipulating Parties"), consent to the stay requested herein but have not yet retained local counsel and thus cannot join this motion. This is the first stipulated motion for a stay of deadlines in this case. In support of this stipulated motion, the Stipulating Parties provide as follows:

1. Plaintiffs filed a Class Action Complaint (ECF No. 1) against Stipulating Defendants and other Defendants on January 15, 2024.

2. Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint") (ECF No. 6) on January 25, 2024.

3. Stipulating Defendants have not yet been served with the Amended Complaint.

4. Upon information and belief, some other Defendants named in this action have not yet retained counsel.

5. The Amended Complaint includes, among other claims, a claim under Section 1 of the Sherman Act based generally on allegations that Defendants, among others, have engaged in a conspiracy to require sellers of residential property to make inflated payments to the brokers or agents representing buyers. ECF No. 6 ¶¶ 54-55.

- 1 -

124091335.1

6. As of the date of this filing, this action is one of over twenty-two (22) known putative class actions alleging similar conspiracies under Section 1 of the Sherman Act presently pending in fifteen (15) federal districts throughout the country.

7. As of the date of this filing, the Stipulating Parties are aware that one or more of the Defendants (and/or their affiliates) is named in several of these other lawsuits, in United States District Courts in California, Georgia, Illinois, Missouri, South Carolina, and Utah, asserting similar claims under Section 1 of the Sherman Act based on similar alleged conspiracies.

8. On December 27, 2023, the plaintiffs in two actions pending outside of this Court—*Gibson v. Nat'l Ass'n of Realtors*, No. 4:23-cv-00788 (W.D. Mo. Oct. 31, 2023), and *Umpa v. Nat'l Ass'n of Realtors*, No. 4:23-cv-00945 (W.D. Mo. Dec. 27, 2023)—filed a motion pursuant to 28 U.S.C. § 1407 (the "MDL Motion") before the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") to transfer cases to the U.S. District Court for the Western District of Missouri for coordinated or consolidated pretrial proceedings. *See* MDL No. 3100 at ECF No. 1.

9. On February 16, 2024, the Clerk of the Panel issued a Hearing Order designating MDL No. 3100 for oral argument to be held on March 28, 2024. MDL No. 3100 at ECF No. 394.

10. Plaintiffs and Stipulating Defendants have conferred and agreed that judicial efficiency would be best served by suspending, for a short period of time, the deadline for Defendants to answer, move to dismiss, or otherwise respond to the Complaint.

11. Any delay arising from a stay is likely to be short, and no significant prejudice to Plaintiffs would result from a short stay.

12. A stay is likely to conserve judicial resources, as well as the Stipulating Parties' resources, until the Panel decides whether (and if so, where) to transfer the cases for coordinated or consolidated proceedings.

124091335.1

13. Similar orders for stays or extended deadlines pending the ruling from the Panel have been entered in other cases that the Panel will consider for coordinated or consolidated pretrial proceedings, including the following:

- Order of Administrative Closure, *Nosalek v. MLS Property Information Network, Inc.*, No. 1:20-cv-12244 (D. Mass. Feb. 14, 2024), ECF No. 288;
- Text Order Granting, In Part, Consent Motion to Stay, *Burton v. National Association of Realtors*, No. 7:23-cv-05666 (D.S.C. Feb. 9, 2024), ECF No. 22;
- Minute Entry Granting Defendant's Unopposed Motion for a Stay Pending JPML Determination, *Tuccori v. At World Properties, LLC*, No. 1:24-cv-00150 (N.D. Ill. Jan. 29, 2024), ECF No. 14;
- Order Granting Joint Motion to Stay Proceedings Pending Determination of Motion to Transfer, *Masiello v. Arizona Association of Realtors*, No. 2:24-cv-00045 (D. Ariz. Feb. 2, 2024), ECF No. 39;
- Minute Order Staying Case, *Fierro v. National Association of Realtors*, No. 2:24-cv-00449 (C.D. Cal. Feb. 16, 2024), ECF No. 123; and
- Order Granting the Parties' Joint Motion for a Stay of Proceedings, *Friedman v. The Real Estate Board of New York, Inc.*, No. 1:24-cv-00405 (S.D.N.Y. Feb. 20, 2024), ECF No. 56.

14. In making this Stipulation, Stipulating Defendants do not waive, in this or any other action, any (i) defenses or arguments for dismissal that may be available under Fed. R. Civ. P. 12; (ii) affirmative defenses under Fed. R. Civ. P. 8; (iii) other statutory or common law defenses that may be available; or (iv) rights to seek or oppose any reassignment, transfer, or consolidated alternatives. Stipulating Defendants expressly reserve their rights to raise any such defenses (or any other defenses) in response to either the Complaint or any original, amended, or consolidated complaint that may be filed in this or any other action. Neither Plaintiffs nor Stipulating Defendants waive any objections to the MDL Motion and expressly reserve their rights to oppose the motion, to argue that this

124091335.1

case be excluded from consolidation, or to argue that related cases should be transferred to a U.S. District Court other than the Western District of Missouri.

15. Stipulating Defendants do not waive any rights to arbitration or other forms of alternative dispute resolution, and expressly reserve and assert, and do not waive, their binding arbitration rights. Stipulating Defendants reserve the right to file formal motions asserting these rights at each phase of litigation.

16. Stipulating Defendants do not waive any rights to enforce provisions of any applicable agreements including class waiver provisions and/or limitations periods, and expressly reserve and assert, and do not waive, their binding and enforceable rights. Stipulating Defendants reserve the right to file formal motions asserting these rights at each phase of litigation.

17. Plaintiffs and the proposed class expressly reserve all rights available.

18. Therefore, for good cause and not for purposes of delay, the Stipulating Parties stipulate and agree that this Court may enter an Order suspending the deadline for all Defendants to answer, move to dismiss, or otherwise respond to the Amended Complaint, and stay the entire case, until the later of (i) 30 days after the Panel rules on the pending MDL Motion, or (ii) 30 days after the date of service or waiver of service of the Amended Complaint on such Defendant. In the event that the pending MDL Motion is denied, the parties will promptly negotiate a schedule in good faith for the defendants to file a responsive pleading or otherwise respond to the Amended Complaint.

**IT IS SO ORDERED.**

_____
Anne R. Traum
United States District Judge

DATED: <u>March 11, 2024</u>