Mark A. Hutchison (4639)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:  (702) 385-2500
Fax:  (702) 385-2086
mhutchison@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Defendants Craig Tann Ltd.*
*dba Huntington & Ellis A Real Estate Agency*
*and Urban Nest Realty, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL WHALEY,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL ASSOCIATION OF REALTORS®; LAS VEGAS REALTORS®; NEVADA REALTORS; SIERRA NEVADA REALTORS; INCLINE VILLAGE REALTORS®; ELKO COUNTY REALTORS; MESQUITE REAL ESTATE ASSOCIATION; GREATER LAS VEGAS MLS; NORTHERN NEVADA REGIONAL MLS; JASON MITCHELL GROUP; OPENDOOR BROKERAGE LLC; eXp REALTY; BERKSHIRE HATHAWAY HOMESERVICES NEVADA PROPERTIES; SIMPLY VEGAS; URBAN NEST REALTY; LUXURY HOMES OF LAS VEGAS; HUNTINGTON AND ELLIS, KELLER WILLIAMS SOUTHERN NEVADA; KELLER WILLIAMS VIP; KELLER WILLIAMS REALTY LAS VEGAS; KELLER WILLIAMS REALTY THE MARKETPLACE; ENGELS & VOLKERS LAKE TAHOE; DOUGLAS | Case No. 2:24-cv-00105-ART-MDC<br><br>**AMENDED JOINT STIPULATED MOTION[1] AND [PROPOSED] ORDER TO EXTEND THE STAY OF ENTIRE CASE THROUGH FINAL APPROVAL OF NATIONWIDE SETTLEMENTS** |

---

[1] This paper is styled as a stipulated joint motion pursuant to LR 7-1 rather than a stipulation for the sole reason that some Defendants have yet to be served with process and it is unclear when those named Defendants who are not signatories to this Joint Motion intend to appear in this action. The undersigned are unaware of any objection to the relief requested in this Joint Motion from any non-signatory Defendant.

1

| | | |
|---|---|---|
| 1 | ELLIMAN OF NEVADA; REDFIN HOMESERVICES LLC; REDFIN CORPORATION; DOES I through X; and ROE CORPORATIONS I through X, inclusive; | |
| 2 | | |
| 3 | | |
| 4 | Defendants. | |
| 5 | AND CONSOLIDATED CASE | Case No. 2:24-cv-00340-ART-MDC |
| 6 | | |
| 7 | ANGELA BOYKIN, individually and on behalf of all others similarly situated, | |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | NATIONAL ASSOCIATION OF REALTORS®; UMRO REALTY CORP. d/b/a The Agency; CHASE INTERNATIONAL, INC.; DICKSON REALTY, INC.; COMPASS, INC.; eXp WORLD HOLDINGS, INC.; THE REAL ESTATE GUY INC.; BHH AFFILIATES, LLC; DOUGLAS ELLIMAN INC.; DOUGLAS ELLIMAN REALTY, LLC; HOMESMART INTERNATIONAL LLC; CRAIG TANN, LTD d/b/a HUNTINGTON & ELLIS A REAL ESTATE AGENCY; REALTY ONE GROUP; REALTY ONE GROUP EMINENCE; REDFIN CORPORATION; URBAN NEST REALTY, LLC; NEVADA REALTORS; GREATER LAS VEGAS ASSOCIATION OF REALTORS; GREATER LAS VEGAS ASSOCIATION OF REALTORS MULTIPLE LISTING SERVICE, INC.; ELKO COUNTY REALTORS; INCLINE VILLAGE REALTORS, INC.; SIERRA NEVADA REALTORS; NORTHERN NEVADA REGIONAL MULTIPLE LISTING SERVICE, INC.; MESQUITE REAL ESTATE ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION; | |
| 25 | Defendants. | |

Plaintiff Nathanial Whaley and Plaintiff Angela Boykin, on behalf of themselves and all others similarly situated (individually, the "Whaley Plaintiffs" and the "Boykin Plaintiffs" collectively, "Plaintiffs"), and the undersigned Defendants,[2] (together with Plaintiffs, the "Stipulating Parties"), jointly move to extend the stay of proceedings in this case through a determination on final approval of the nationwide settlement reached between the National Association of REALTORS® ("NAR") and plaintiffs in the Western District of Missouri and the Northern District of Illinois (ECF No. 66-1). In support of this joint stipulated motion, the Stipulating Parties provide as follows:

1. The Whaley Plaintiffs filed a Class Action Complaint (ECF No. 1) on January 15, 2024.

2. The Whaley Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint") (ECF No. 6) on January 25, 2024.

3. The Boykin Plaintiffs filed a Class Action Complaint on February 16, 2024.

4. On March 8, 2024, in the *Whaley* action, Defendant NAR filed a Joint Stipulated Motion ("*Whaley* Motion") to Stay Proceedings Pending Determination of the Motion to Transfer ("MDL Motion") by the Judicial Panel on Multidistrict Litigation (the "JPML") (ECF No. 28).

5. This Court granted the *Whaley* Motion on March 11, 2024, "stay[ing] the entire case until the later of (i) 30 days after the [JPML] rules on the pending MDL Motion, or (ii) 30 days after the date of service or waiver of service of the Amended Complaint on such Defendant" (ECF No. 31).

6. Pursuant to the Court's Order (ECF No. 56) issued in *Boykin* on March 21, 2024, the *Boykin* action was administratively closed and consolidated with the *Whaley* action.

---

[2] Defendant Greater Las Vegas Association of REALTORS® Multiple Listing Service consents to the stay requested herein but have not yet retained local counsel and thus cannot sign this motion.

1       7.      On March 15, 2024, the plaintiffs in *Burnett v. The National Association of Realtors*, No. 4:19-cv-00332 (W.D. Mo.) ("*Burnett*"), *Moehrl v. The National Association of Realtors*, No. 1:19-cv-01610 (N.D. Ill.) ("*Moehrl*"), *Gibson v. National Association of Realtors*, No. 4:23-cv-00788 (W.D. Mo.) ("*Gibson*"), and *Umpa v. National Association of Realtors*, No. 4:23-cv-00945 (W.D. Mo.) ("*Umpa*"), entered into a settlement agreement ("NAR Settlement Agreement"), attached hereto as Exhibit A, with Defendant NAR which, if approved, would constitute a nationwide settlement against the "Released Parties," as defined in the NAR Settlement Agreement (Ex. A ¶¶ 17-18).

8.      On March 21, 2024, Defendant Compass, Inc., entered into a settlement agreement with the plaintiffs in *Gibson* and *Umpa*, which would constitute a nationwide settlement that may include similar claims at issue in this case. (*Gibson*, ECF No. 135).

9.      On March 22, 2024, Defendant HomeSmart International LLC filed a Joint Consent Motion to Stay Proceedings Pending Determination of Motion to Transfer (the "MDL Motion") by the Judicial Panel on Multidistrict Litigation (the JPML) as to the *Boykin* Defendants (the "*Boykin* Motion") (ECF No. 36).

10.     On April 2, 2024, this Court granted the *Boykin* Motion, and further instructed that if the MDL Motion was denied, "the parties shall promptly negotiate and within 30 (thirty) days file a proposed schedule for this matter, including a schedule for amended pleadings and a deadline for the defendants to file a responsive pleading or otherwise respond to the operative Complaint." (ECF No. 60).

11.     On April 12, 2024, the JPML denied the MDL Motion (see ECF No. 62).

12.     On April 19, 2024, the Motion for Preliminary Approval of the NAR Settlement Agreement ("Preliminary Approval Motion") as to NAR was filed in *Burnett* (see *Burnett*, ECF No. 1458).

13.     On April 22, 2024, the *Burnett* court granted the Preliminary Approval Motion (*Burnett*, ECF No. 1460).

14. On April 23, 2024, Defendant Realty ONE Group entered into a settlement agreement with the plaintiffs in *Gibson* and *Umpa*, which, if approved, would constitute a nationwide settlement that may include similar claims at issue in this case.

15. On April 25, 2024, Defendants HomeServices of America, BHH Affiliates LLC, and HSF Affiliates LLC (collectively "the HomeServices Defendants") executed a binding term sheet to settle all claims asserted against the HomeServices Defendants. Under the terms of this settlement, a Released Party includes the HomeServices Defendants, its officers, directors, employees, as well as direct or indirect subsidiaries among others. If approved, this would constitute a nationwide settlement that may include similar claims to those at issue in this case.

16. On April 29, 2024, the Motion for Preliminary Approval of the Realty ONE Group Settlement Agreement was filed in *Gibson* and *Umpa*, which the Court granted on April 30, 2024 (see *Gibson*, ECF No. 163).

17. On April 29, 2024, Defendant Douglas Elliman filed a Notice of Pending Settlement in *Gibson* and *Umpa* advising the Court that Douglas Elliman had entered into a settlement agreement with the plaintiffs in those actions, which would constitute a nationwide settlement that may include similar claims at issue in this case. (*Gibson*, ECF No. 157).

18. On April 30, 2024, the *Gibson*[3] court granted the Motion for Preliminary Approval related to Compass' and Douglas Elliman's respective settlements with the *Gibson* and *Umpa* plaintiffs. (*Gibson*, ECF No. 163).

19. On June 26, 2024, Defendant Redfin Corporation entered into a settlement agreement with the *Gibson* Plaintiffs, which would constitute a nationwide settlement that may include similar claims at issue in this case. On July 15, 2024, the *Gibson* court also granted the Motion for Preliminary Approval of Redfin's settlement with the *Gibson* Plaintiffs.

---

[3] On April 23, 2024, the Court in *Gibson* and *Umpa*, issued an order consolidating the *Umpa* action into the *Gibson* action. (*Gibson*, ECF No. 145).

20. The NAR Settlement Agreement defines certain categories of entities, including, for example, NAR, REALTOR-Associate® Members, REALTOR® Member Boards, REALTOR® Multiple Listing Services, Non-REALTOR® Multiple Listing Services, and brokerages, and identifies what steps, if any, each category must take to qualify as a "Released Party" pursuant to the NAR Settlement Agreement. (Ex. A ¶ 18).

21. Certain entities had to expressly enter into an "opt in" agreement, and comply with certain other terms, to qualify as "Released Parties." (Ex. A ¶ 18).

22. Certain Defendants in the above-captioned litigation represent that they were not required to enter an "opt in" agreement in order to be considered "Released Parties," (Ex. A. ¶ 18).

23. Certain other Defendants in the above-captioned litigation represent that they entered an "opt in" agreement within 60 days from the date the first Motion for Preliminary Approval was filed, and are required to comply with certain other terms, in order to be considered "Released Parties." (Ex. A ¶ 18(c-f)); *see also id*. ¶¶ 20, 66, 67).

24. On May 10, 2024, Defendant NAR filed a joint stipulated motion to stay proceedings as to certain released defendants through final approval of the nationwide settlements and to further stay the entire case for 60 days to allow the various remaining defendants to determine whether they will "opt in" and otherwise comply with the NAR Settlement Agreement, and therefore may also become "Released Parties" (the "Stay Motion") (ECF No. 66).

25. On May 13, 2024, this Court granted the Stay Motion, and further instructed that any additional released parties must "file a status report, including whether the above-captioned litigation should be stayed as to any new Released Parties through final approval of the NAR Settlement Agreement," no later than 14 days after the expiration of the 60-day stay (ECF No. 67). This stay is scheduled to expire on July 12, 2024.

26. On June 18, 2024, the period within which a defendant could enter an "opt in" agreement expired. Prior to that date, Defendants represent to the Court that all of the

Defendants in this case that were required to opt in to the Settlement Agreement did in fact opt in.[4]

27. On July 12, 2024, Defendant HomeSmart International, LLC ("HomeSmart"), entered into a settlement agreement with the plaintiffs in *Gibson*, which would constitute a nationwide settlement that may include similar claims at issue in this case. (*Gibson*, ECF No. 303).

28. On July 15, 2024, the *Gibson* Court granted the Preliminary Approval of HomeSmart's settlement. (*Gibson,* ECF No. 348).

29. On July 16, 2024, HomeSmart filed a Notice of Settlement and Motion to Stay Case as to HomeSmart Holdings, Inc. and HomeSmart International, LLC in the *Gibson* case. (*Gibson*, ECF No. 349).

30. On July 16, 2024 the *Gibson* Court granted HomeSmart's Motion to Stay. (*Gibson*, ECF No. 351).

31. Plaintiffs and Nevada REALTORS®, speaking on behalf of the undersigned Defendants met and conferred regarding the status of this case in light of this Court's directive to "file a status report, including whether the above-captioned litigation should be stayed as to any new Released Parties through final approval of the NAR Settlement Agreement and/or propose a litigation and briefing schedule for any responses to the Complaints and/or amended complaints for any remaining Defendants in the above-captioned litigation who have not become Released Parties." (ECF No. 67).

32. Given the current litigation landscape, Plaintiffs and the Defendants have agreed that it is in the interest of judicial efficiency for this Court to modify the current deadlines set forth in its May 13, 2024, Order (ECF No. 67), and enter an Order to:

---

[4] The Defendants have not provided the *Whaley* or *Boykin* Plaintiffs with the records substantiating these "opt-ins." Similarly, the *Whaley* and *Boykin* Plaintiffs are not able to stipulate that any additional actions to comply with the terms of the NAR Settlement have been undertaken by or on behalf of the Defendants and Plaintiffs reserve their rights to file a motion to lift the stay at any time should any facts or circumstances come to light that cause Defendants' representations to be in dispute.

7

  (1) Extend the stay as to HomeSmart through a decision on final approval of its settlement agreement;

  (2) Extend the stay as to all remaining Defendants through a decision on final approval of the NAR Settlement Agreement;

  (3) Order that no later than 14 days after the expiration of the period of appeal from an order with respect to the final approval of the NAR Settlement Agreement, the remaining parties would file a Joint Status Report informing the court of the outcome of the motion for final approval of the NAR Settlement Agreement, and/or propose a litigation and briefing schedule for any responses to the Complaints and/or amended complaints for any remaining Defendants in the above-captioned litigation who have not been released.

33. Defendants do not waive any rights to arbitration or other forms of alternative dispute resolution, and expressly reserve and assert, and do not waive, their binding arbitration rights. Defendants reserve the right to file formal motions asserting these rights at each phase of litigation.[5]

34. Defendants do not waive any rights to enforce provisions of any applicable agreements including class waiver provisions and/or limitations periods, and expressly reserve and assert, and do not waive, their binding and enforceable rights. Defendants reserve the right to file formal motions asserting these rights at each phase of litigation.

35. Plaintiffs and the proposed class expressly reserve all rights available to them in this or any other proceeding, including the right to move to lift the stay provided herein at any time. Plaintiffs' agreement to stay this action as to certain Defendants who may have not opted-in or otherwise settled claims against them in this or related proceedings is solely for purposes of this Action in the interests of judicial economy.

---

[5] Defendants also do not waive and expressly reserve any rights as to any personal jurisdiction arguments.

| | |
|---|---|
| DATED this 26th day of July, 2024. | DATED this 26th day of July, 2024. |
| BEN'S LAW | HUTCHISON & STEFFEN, PLLC |
| By: */s/ Stefany "Miley" Tewell* | By: */s/ Piers R. Tueller* |
| Stefany "Miley" Tewell, Bar No. 6144<br>Ben Lehavi, Bar No. 14564<br>5940 South Rainbow Boulevard<br>Las Vegas, NV 89118<br>(702) 518-9236 | Mark A. Hutchison, Bar No. 4639<br>Piers R. Tueller, Bar No. 14633<br>10080 West Alta Drive, Suite 200<br>Las Vegas, NV 89145<br>(702) 385-2500 |
| | *Attorneys for Defendant Craig Tann Ltd. d/b/a Huntington & Ellis A Real Estate Agency and Urban Nest Realty, LLC* |
| DATED this 26th day of July, 2024. | |
| SCHWARTZ LAW, PLLC | |
| By: */s/ Samuel A. Schwartz* | DATED this 26th day of July, 2024. |
| Samuel A. Schwartz<br>601 East Bridger Avenue<br>Las Vegas, NV 89101<br>(702) 802-2207<br>SASchwartz@nvfirm.com | MCDONALD CARANO LLP |
| | By: */s/ Matthew C. Addison* |
| | Matthew C. Addison, Bar No. 4201<br>100 W. Liberty St., 10th Floor<br>Reno, NV 89501<br>(775) 788-2000 |
| *Attorneys for the Whaley Plaintiff and the Class* | |
| DATED this 26th day of July, 2024. | *Attorney for Defendant Northern Nevada Regional Multiple Listing Service, Inc.* |
| ALBRIGHT, STODDARD, WARNICK & ALBRIGHT | |
| By: */s/ Daniel R. Ormsby* | DATED this 26th day of July, 2024. |
| G. Mark Albright, Bar No. 1394<br>Daniel R. Ormsby, Bar No. 14595<br>801 South Rancho Drive, Suite D-4<br>Las Vegas, NV 89106<br>(702) 384-7111 | FREEMAN MATHIS & GARY, LLP |
| | By: */s/ Scott Eric Anderson* |
| Matthew B. George (*pro hac vice*)<br>Blair E. Reed (*pro hac vice*)<br>KAPLAN FOX & KILSHEIMER LLP<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>(415) 772-4700 | Michael M. Edwards, Bar No. 6281<br>770 East Warm Springs Road<br>Suite 360<br>Las Vegas, NV 89119<br>Tel: (725) 258.7360<br>Fax: (833) 336.2131<br>Michael.Edwards@fmglaw.com |
| Frederic S. Fox (*pro hac vice*)<br>Matthew P. McCahill (*pro hac vice*)<br>Jeffrey P. Campisi (*pro hac vice*)<br>KAPLAN FOX & KILSHEIMER LLP<br>800 Third Avenue, 38th Floor<br>New York, NY 10022<br>(212) 687-1980 | Scott Eric Anderson*<br>Jacob S. Madsen*<br>Matthew N. Foree*<br>Cameron N. Regnery* |

| | |
|---|---|
| Brandon Fox (*pro hac vice*)<br>KAPLAN FOX & KILSHEIMER LLP<br>1750 North Bayshore Drive<br>Miami, FL 33132<br>(914) 924-1038<br><br>Julie Pettit (*pro hac vice*)<br>David B. Urteago (*pro hac vice*)<br>THE PETTIT LAW FIRM<br>2101 Cedar Springs, Suite 1540<br>Dallas, TX 75201<br>(214) 329-0151<br><br>Michael K. Hurst (*pro hac vice*)<br>Jessica Cox (*pro hac vice*)<br>Yaman Desai (*pro hac vice*)<br>LYNN PINKER HURST &<br>SCHWEGMANN, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, TX 75201<br>(214) 981-3839<br><br>*Attorneys for the Boykin Plaintiff and the Proposed Classes* | FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339<br>Tel:  (770) 818-0000<br>Fax:  (833) 330-3669<br>scott.anderson@fmglaw.com<br>jacob.madsen@fmglaw.com<br>mforee@fmglaw.com<br>cameron.regnery@fmglaw.com<br><br>*Admitted Pro Hac Vice<br>*Counsel for HomeSmart International, LLC*<br><br>DATED this 26th day of July, 2024.<br><br>MCDONALD CARANO LLP<br><br>By: */s/ Adam Hosmer-Henner*<br>Adam Hosmer-Henner<br>100 W. Liberty Street, 10th Floor<br>Reno, NV 89501<br>ahosmerhenner@mcdonaldcarano.com<br><br>*Attorney for Defendant Dickson Realty, Inc.*<br><br>DATED this 26th day of July, 2024.<br><br>ARMSTRONG TEASDALE LLP<br><br>By: */s/ Brandon P. Johansson*<br>Brandon P. Johansson, Bar No. 12003<br>7160 Rafael Rivera Way, Suite 320<br>Las Vegas, NV 89113<br>Tel:  (702) 678-5070<br>Fax:  (702) 878-9995<br>bjohansson@atllp.com<br><br>*Attorney for Defendants eXp World Holdings, Inc. and eXp Realty, LLC* |

DATED this 26th day of July, 2024.

FARELLA BRAUN & MARTEL LLP

By: */s/ Christopher C. Wheeler*
    Christopher C. Wheeler
    Tim Horgan-Kobelski
    One Bush Street, Suite 900
    San Francisco, CA 94104
    Tel:  (415) 954-4400
    Fax:  (415) 954-4480
    tkobelski@fbm.com
    cwheeler@fbm.com

*Attorneys for Defendant
Chase International, Inc.*

**ORDER**

Dated this <u>22nd day</u> of October, 2024.

**IT IS SO ORDERED**:

_____
UNITED STATES DISTRICT JUDGE