**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NATHANIEL WHALEY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS®; LAS VEGAS REALTORS®; NEVADA REALTORS; SIERRA NEVADA REALTORS; INCLINE VILLAGE REALTORS®; ELKO COUNTY REALTORS; MESQUITE REAL ESTATE ASSOCIATION; GREATER LAS VEGAS MLS; NORTHERN NEVADA REGIONAL MLS; JASON MITCHELL GROUP; OPENDOOR BROKERAGE LLC; eXp REALTY; BERKSHIRE HATHAWAY HOMESERVICES NEVADA PROPERTIES; SIMPLY VEGAS; URBAN NEST REALTY; LUXURY HOMES OF LAS VEGAS; HUNTINGTON AND ELLIS, KELLER WILLIAMS SOUTHERN NEVADA; KELLER WILLIAMS VIP; KELLER WILLIAMS REALTY LAS VEGAS; KELLER WILLIAMS REALTY THE MARKETPLACE; ENGELS & VOLKERS LAKE TAHOE; DOUGLAS ELLIMAN OF NEVADA; REDFIN HOMESERVICES LLC; REDFIN | Case No.: 2:24-cv-00105-ART-EJY<br><br>**ORDER GRANTING**<br><br>**JOINT STIPULATED MOTION[1] TO EXTEND THE STAY OF CASE THROUGH EXHAUSTION OF ALL APPEALS OF FINAL APPROVAL OF NATIONWIDE SETTLEMENTS** |

[1] This paper is styled as a stipulated joint motion pursuant to LR 7-1 rather than a stipulation for the sole reason that some Defendants have yet to be served with process and it is unclear when those named Defendants who are not signatories to this Joint Motion intend to appear in this action. The undersigned are unaware of any objection to the relief requested in this Joint Motion from any non-signatory Defendant.

CORPORATION; DOES I through X; and ROE CORPORATIONS I through X, inclusive;

Defendants.

AND CONSOLIDATED CASE

Case No. 2:24-cv-00340-ART-MDC

ANGELA BOYKIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NATIONAL ASSOCIATION OF REALTORS®; UMRO REALTY CORP. d/b/a The Agency; CHASE INTERNATIONAL, INC.; DICKSON REALTY, INC.; COMPASS, INC.; eXp WORLD HOLDINGS, INC.; THE REAL ESTATE GUY INC.; BHH AFFILIATES, LLC; DOUGLAS ELLIMAN INC.; DOUGLAS ELLIMAN REALTY, LLC; HOMESMART INTERNATIONAL LLC; CRAIG TANN, LTD d/b/a HUNTINGTON & ELLIS A REAL ESTATE AGENCY; REALTY ONE GROUP; REALTY ONE GROUP EMINENCE; REDFIN CORPORATION; URBAN NEST REALTY, LLC; NEVADA REALTORS; GREATER LAS VEGAS ASSOCIATION OF REALTORS; GREATER LAS VEGAS ASSOCIATION OF REALTORS MULTIPLE LISTING SERVICE, INC.; ELKO COUNTY REALTORS; INCLINE VILLAGE REALTORS, INC.; SIERRA NEVADA REALTORS; NORTHERN NEVADA REGIONAL MULTIPLE LISTING SERVICE, INC.; MESQUITE REAL ESTATE ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION;

Defendants.

Plaintiff Nathaniel Whaley, on behalf of himself and all others similarly situated, ("Plaintiffs"), and the undersigned Defendants,[2] (together with Plaintiffs, the "Parties"), hereby jointly submit this Status Report pursuant to the Court's February 18, 2025 Order extending the stay of proceedings in this case through the exhaustion of all appeals of the final approval of the nationwide settlement reached between the National Association of REALTORS® ("NAR") and plaintiffs in the Western District of Missouri and the Northern District of Illinois (Dkt. No. 87).

The Parties provide as follows:

1. The Whaley Plaintiffs filed a Class Action Complaint on January 15, 2024 (Dkt. No. 1).

2. The Whaley Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint") on January 25, 2024 (Dkt. No. 6).

3. The Boykin Plaintiffs filed a Class Action Complaint in *Boykin v. National Association of REALTORS*, No. 2:24-cv-00340 (D. Nev.) (the "*Boykin* Action") on February 16, 2024 (Dkt. No. 1).

4. On March 8, 2024, Defendant NAR filed a Joint Stipulated Motion in the *Whaley* action ("*Whaley* Motion") to Stay Proceedings Pending Determination of the Motion to Transfer ("MDL Motion") by the Judicial Panel on Multidistrict Litigation (the "JPML") (Dkt. No. 28).

5. This Court granted the *Whaley* Motion on March 11, 2024, "stay[ing] the entire case until the later of (i) 30 days after the [JPML] rules on the pending MDL Motion, or (ii) 30 days after the date of service or waiver of service of the Amended Complaint on such Defendant" (Dkt. No. 31).

6. Pursuant to the Court's Order (Dkt. No. 56) issued in *Boykin* on March 21, 2024, the *Boykin* action was administratively closed and consolidated with the *Whaley* action.

---

[2] Defendants Greater Las Vegas Association of REALTORS® and Greater Las Vegas Association of REALTORS® Multiple Listing Service, Inc. consent to the relief requested herein but have not yet retained local counsel and thus cannot sign this status report.

7. On March 15, 2024, the plaintiffs in *Burnett v. National Association of Realtors*, No. 4:19-cv-00332 (W.D. Mo.) ("*Burnett*"), *Moehrl v. National Association of Realtors*, No. 1:19-cv-01610 (N.D. Ill.) ("*Moehrl*"), *Gibson v. National Association of Realtors*, No. 4:23-cv-00788 (W.D. Mo.) ("*Gibson*"), and *Umpa v. National Association of Realtors*, No. 4:23-cv-00945 (W.D. Mo.) ("*Umpa*"), entered into a settlement agreement ("NAR Settlement Agreement"), attached hereto as Exhibit A, with Defendant NAR which, if approved, would constitute a nationwide settlement against the "Released Parties," as defined in the NAR Settlement Agreement (Ex. A ¶¶ 17–18).

8. On March 21, 2024, Defendant Compass, Inc., entered into a settlement agreement with the plaintiffs in *Gibson* and *Umpa*, which would constitute a nationwide settlement that may include similar claims at issue in this case (*Gibson*, Dkt. No. 135).

9. On March 22, 2024, Defendant HomeSmart International LLC filed a Joint Consent Motion to Stay Proceedings Pending Determination of Motion to Transfer (the "MDL Motion") by the Judicial Panel on Multidistrict Litigation (the JPML) as to the *Boykin* Defendants (the "*Boykin* Motion") (Dkt. No. 36).

10. On April 2, 2024, this Court granted the *Boykin* Motion, and further instructed that if the MDL Motion was denied, "the parties shall promptly negotiate and within 30 (thirty) days file a proposed schedule for this matter, including a schedule for amended pleadings and a deadline for the defendants to file a responsive pleading or otherwise respond to the operative Complaint" (Dkt. No. 60).

11. On April 12, 2024, the JPML denied the MDL Motion (*see* Dkt. No. 62).

12. On April 19, 2024, the Motion for Preliminary Approval of the NAR Settlement Agreement ("Preliminary Approval Motion") as to NAR was filed in *Burnett* (*see Burnett*, Dkt. No. 1458).

13. On April 22, 2024, the *Burnett* court granted the Preliminary Approval Motion (*Burnett*, Dkt. No. 1460).

14. On April 23, 2024, Defendant Realty ONE Group entered into a settlement agreement with the plaintiffs in *Gibson* and *Umpa*, which, if approved, would constitute a nationwide settlement that may include similar claims at issue in this case.

15. On April 25, 2024, Defendants HomeServices of America, BHH Affiliates LLC, and HSF Affiliates LLC (collectively "the HomeServices Defendants") executed a binding term sheet to settle all claims asserted against the HomeServices Defendants. Under the terms of this settlement, a Released Party includes the HomeServices Defendants, its officers, directors, employees, as well as direct or indirect subsidiaries among others. If approved, this would constitute a nationwide settlement that may include similar claims to those at issue in this case.

16. On April 29, 2024, the Motion for Preliminary Approval of the Realty ONE Group Settlement Agreement was filed in *Gibson* and *Umpa*, which the Court granted on April 30, 2024 (*see Gibson*, Dkt. No. 163).

17. On April 29, 2024, Defendant Douglas Elliman filed a Notice of Pending Settlement in *Gibson* and *Umpa* advising the Court that Douglas Elliman had entered into a settlement agreement with the plaintiffs in those actions, which would constitute a nationwide settlement that may include similar claims at issue in this case (*Gibson*, Dkt. No. 157).

18. On April 30, 2024, the *Gibson*[3] court granted the Motion for Preliminary Approval related to Compass' and Douglas Elliman's respective settlements with the *Gibson* and *Umpa* plaintiffs (*Gibson*, Dkt. No. 163). The court's order enjoins all members of the nationwide settlement class from pursuing any claims against Compass, Douglas Elliman, and the "Released Parties" defined in each of their respective settlements based on the same factual predicates as the claims alleged in *Gibson*.

19. The NAR Settlement Agreement defines certain categories of entities, including, for example, NAR, REALTOR-Associate® Members, REALTOR® Member

[3] On April 23, 2024, the Court in *Gibson* and *Umpa*, issued an order consolidating the *Umpa* action into the *Gibson* action. (*Gibson*, ECF No. 145).

Boards, REALTOR® Multiple Listing Services, Non-REALTOR® Multiple Listing Services, and brokerages, and identifies what steps, if any, each category must take to qualify as a "Released Party" pursuant to the NAR Settlement Agreement (Ex. A ¶ 18).

20. Certain entities must expressly enter an "opt in" agreement, and comply with certain other terms, to qualify as "Released Parties" (Ex. A ¶ 18).

21. Certain Defendants in the above-captioned litigation were not required to enter an "opt in" agreement in order to be considered "Released Parties" (Ex. A ¶ 18).

22. Certain other Defendants in the above-captioned litigation entered an "opt in" agreement within 60 days from the date the first Motion for Preliminary Approval was filed, and are required to comply with certain other terms, in order to be considered "Released Parties" (Ex. A ¶ 18(c-f); *see also id*. ¶¶ 20, 66, 67).

23. On May 10, 2024, Defendant NAR filed a joint stipulated motion to stay proceedings as to certain released defendants through final approval of the nationwide settlements and to further stay the entire case for 60 days to allow the remaining defendants to determine whether they will "opt in" and otherwise comply with the NAR Settlement Agreement, and therefore also become "Released Parties" (the "Stay Motion") (Dkt. No. 66).

24. On May 13, 2024, this Court granted the Stay Motion, and further instructed that any additional released parties "file a status report, including whether the above-captioned litigation should be stayed as to any new Released Parties through final approval of the NAR Settlement Agreement," no later than 14 days after the expiration of the 60-day stay (Dkt. No. 67). On June 18, 2024, the period within which a defendant could enter an "opt in" agreement expired.

25. On November 27, 2024, the *Burnett* court granted final approval of the Settlement Agreement. No. 4:19-cv-00332 (W.D. Mo.), Dkt. No. 1622 ("Final Approval Order").

26. Objectors subsequently filed notices of appeal to the United States Court of Appeals for the Eighth Circuit. No. 4:19-cv-00332 (W.D. Mo.), Dkt. Nos. 1624, 1630,

1632, 1638, 1649, 1656, 1658, 1662, 1664, 1679, 1681. The Eighth Circuit heard oral arguments on January 14, 2026.

27. Upon the Parties' request, this Court extended the stay pending the resolution of these appeals (Dkt. No. 87).

28. On August 19, 2026, the Eighth Circuit issued an opinion affirming the *Burnett* court's Final Approval Order and denying the objectors' appeals. *Burnett v. National Association of Realtors*, Nos. 24-3444, 24-3450, 24-3451 (8th Cir. Aug. 19, 2026), attached hereto as Exhibit B. Objectors will have until September 2, 2026, or fourteen days from the issuance of the court's judgment, to file for a petition for rehearing or rehearing en banc. Fed. R. App. P. 40(d)(1). Objectors will have an additional 90 days from the entry of judgment or from the denial of a timely petition for rehearing to file a petition for a writ of certiorari to the United States Supreme Court. Fed. R. App. P. 41(d). The Eighth Circuit has not yet issued its mandate.

29. In light of the Eighth Circuit's judgment and the remaining time for the objectors to seek rehearing or a petition for a writ of certiorari, the Parties respectfully request that the Court extend the stay of all deadlines until the mandate has issued and all appellate options have been exhausted or the time to pursue them has expired.

30. Defendants do not waive any rights to enforce provisions of any applicable agreements including class waiver provisions, arbitration agreements, and/or limitations periods, and expressly reserve and assert, and do not waive, their binding and enforceable rights. Defendants reserve the right to file formal motions asserting these rights at each phase of litigation.

31. Plaintiffs and the proposed class expressly reserve all rights available to them in this or any other proceeding.

. . .

. . .

. . .

. . .

Dated this 31st day of August, 2026.

Respectfully submitted,

BEN'S LAW

*/s/ Ben Lehavi*
Stefany "Miley" Tewell, Bar No. 6144
Ben Lehavi, Bar No. 14564
5940 South Rainbow Boulevard
Las Vegas, Nevada 89118
(702) 518-9236

SCHWARTZ LAW, PLLC

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

*Attorneys for the Whaley Plaintiff and the Class*

WOMBLE BOND DICKINSON (US) LLP

*/s/ John Bragonje*
John Bragonje, Bar No. 9519
8488 Rozita Lee Ave
Suite 400
Las Vegas, NV 89113
T: (702) 474-2625
john.bragonje@wbd-us.com

*Attorney for Defendant National Association of REALTORS®*

ADDISON LAW GROUP PLLC

*/s/ Matthew C. Addison*
Matthew C. Addison, Esq.,
Bar No. 4201
4471 Lynnfield Way
Reno, NV 89501
T: (775) 240-7533
maddison@addisonpllc.com

*Attorney for Defendants Sierra Nevada REALTORS®*

MCDONALD CARANO LLP

*/s/Adam Hosmer-Henner, Esq.*
Adam Hosmer-Henner, Esq.
Bar No. 12779
100 W. Liberty St., 10th Floor
Reno, NV 89501
T: (775) 788-2000
F: (775) 788-2020
ahosmerhenner@mcdonaldcarano.com

*Attorney for Defendant Dickson Realty*

MCDONALD CARANO LLP

*/s/ Patricia K. Lundvall*
Patricia K. Lundvall, Bar No. 3761
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
T: (702) 873-4100
F: (702) 873-9966
lundvall@mcdonaldcarano.com

Robert D. MacGill (pro hac vice)
Matthew T. Ciulla (pro hac vice)
Elizabeth L. Merritt (pro hac vice)
MACGILL PC
156 E. Market Street, Suite 1200
Indianapolis, Indiana 46204
T: (317) 721-1254
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Elizabeth.Merritt@MacGillLaw.com

*Attorneys for Defendants Berkshire Hathaway HomeServices Nevada Properties and BHH Affiliates, LLC*

GUILD, GALLAGHER & FULLER, LTD.

*/s/ John K. Gallagher*
John K. Gallagher, Bar No. 956
Patrick H. Gallagher, Bar No. 14875 100 West Liberty Street, Suite 800 Reno, Nevada 89501 T: (775) 786-2366
F: (775) 786-2366
jgallagher@ggfltd.com
pgallagher@ggfltd.com

*Attorneys for Defendant Incline Village Realtors®, Inc.*

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*
Mark A. Hutchison, Esq., Bar No. 4639
Piers R. Tueller, Esq., Bar No. 14633
Michael M. Edwards, Esq.
Nevada Bar No. 6281
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
T: (702) 385-2500
F: (702) 385-2086
mhutchison@hutchlegal.com
ptueller@hutchlegal.com

*Attorneys for Defendant Nevada REALTORS®, Craig Tann Ltd d/b/a Huntington & Ellis A Real Estate Agency, and Urban Nest Realty, LLC*

KANE RUSSELL COLEMAN LOGAN

*/s/ Tiffany A. Kahler*
Tiffany A. Kahler
Nevada Bar No. 13513
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, TX 75202
Telephone: (214) 777-4200
Facsimile: (214) 777-4299
tkahler@krcl.com

*Attorneys for Defendant*
*UMRO Realty Corp. d/b/a The Agency*

GERBER LAW OFFICES, LLP
*/s/ Zach Gerber*
Zach Gerber, Bar No. 13128
491 4th Street
Elko, NV 89801
T: (775) 401 6570
F: (775) 738-8198
zag@gerberlegal.com

*Attorney for Defendant Elko County REALTORS®*

**ORDER**

Based on the parties agreement, and good cause appearing, the Joint Stipulated Motion to Extend the Stay of Case Through Exhaustion of All Appeals of Finial Approval of Nationwide Settlements (ECF No. 98) is granted. The parties are ordered to file a status report within 10 days of the mandate and all appellate options have been exhausted or the time to pursue them has expired.

Dated this 2nd day of September, 2026.

Anne R. Traum
United States District Judge